963 F.2d 366
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eugene A. MILLION V, Petitioner, Appellant,
v.
UNITED STATES OF AMERICA, Respondent, Appellee.
 No. 92-1131.
 United States Court of Appeals,
First Circuit.
 June 8, 1992
 
 Eugene A. Million V on brief pro se.
 Richard S. Cohen, United States Attorney, Margaret D. McGaughey, Assistant United States Attorney, and James L. McCarthy, Assistant United States Attorney, on brief for appellee.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 1. Appellant contends he was incorrectly placed in criminal history category II, rather than I, for sentencing purposes. The PSR listed two prior convictions. The first, labelled "Juvenile Adjudications," was for theft. Appellant received a $100 fine ($70 suspended) and a $26.01 restitution order to Zayre's. The second, labelled "criminal conviction," was for unauthorized use of property (automobile). Appellant was fined $100 ($50 of which was suspended). Appellant argues that these are very minor offenses-mere convenience pleas-and should not be counted. His attack is threefold.
 
 
 2
 First, he says he intended to have the owner of the automobile testify at sentencing that defendant had had continuing permission to use the vehicle. The sentencing transcript indicates, however, that the promised witness did not appear at sentencing. Appellant did not seek a continuance on that ground or procure a letter or affidavit from the car owner. Appellant may not now complain of what he failed to show at sentencing.
 
 
 3
 Second, appellant argues that U.S.S.G. § 4A1.2(c)(1) specifically excludes the two offenses from consideration in computing criminal history. Appellant misreads the section. The section commences by stating that "all felony offenses are counted" and that "[s]entences for misdemeanor and petty offenses are counted, except as follows." Exclusions are then listed. Appellant's theft and unauthorized use offenses are not in the list of exclusions and are not similar to any in the list.
 
 
 4
 Third, appellant contends that the juvenile adjudication for theft is excluded under U.S.S.G. § 4A1.2(c)(2), which states that "[j]uvenile status offenses and truancy" and "offenses similar to them, by whatever name ... known, are never counted." We "look to the substance of the underlying state offense in order to determine whether it falls within the proscription [of § 4A1.2(c)(2) ]." United States v. Unger, 915 F.2d 759, 763 (1st Cir. 1990), cert. denied, 111 S.Ct. 1005 (1991). In Unger, the conduct underlying the juvenile adjudications consisted of breaking and entering with intent to commit larceny, receiving stolen goods, and assault and battery. We concluded that "[u]nder no stretch of the imagination can these malefactions be considered 'status offenses' like, say, hitchhiking, truancy, loitering, or vagrancy." Ibid. The same is true here. Appellant's offense, whether euphemistically labelled shoplifting (as appellant phrases it) or theft (as stated in the PSR) is materially more serious than a mere status offense.
 
 
 5
 2. To the extent appellant now attempts to raise ineffective assistance of counsel claims, we do not consider them as they were not presented in the § 2255 petition below.
 
 
 6
 3. We have considered all of appellant's other arguments and find them without merit substantially for the reasons stated by the government in its comprehensive brief.
 
 
 7
 Affirmed.